Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **James Pablo**, an Arizona resident; and **Destiny Lora**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**BBQ Trapp Haus, LLC,** an Arizona company; **Phil Johnson,** an Arizona resident; and **Sunny Johnson,** an Arizona resident;<br><br>Defendants. | **Case No.**<br><br><br><br>**VERIFIED COMPLAINT**<br><br><br><br>**(Jury Trial Requested)** |

Plaintiffs James Pablo and Destiny Lora for their Verified Complaint against Defendants BBQ Trapp Haus, LLC; Phil Johnson; and Sunny Johnson; hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful retention of Plaintiffs' tips in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"), specifically 29 U.S.C. § 203(m)(2)(B) (hereinafter "**FLSA Tip**

**Violation**").

2. This action is brought to recover unpaid tipped wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

5. Plaintiffs are employed by Defendants in this District.

## PARTIES

6. At all relevant times to the matters alleged herein, Plaintiffs resided in the District of Arizona.

7. Plaintiff James Pablo was a full-time employee of Defendants between in or around August 2021 to on or around October 3, 2021.

8. Plaintiff Destiny Lora was a full-time employee of Defendants between on or around July 2021 to on or around October 1, 2021.

9. At all relevant times, Plaintiffs were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. BBQ Trapp Haus, LLC is a company authorized to do business in Arizona.

11. BBQ Trapp Haus, LLC are Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

12. Defendant Phil Johnson is an Arizona resident.

13. Defendant Phil Johnson has directly caused events to take place giving rise to this action.

14. Defendant Phil Johnson is a manager of BBQ Trapp Haus, LLC.

15. Defendant Phil Johnson is an owner of BBQ Trapp Haus, LLC.

16. Defendant Phil Johnson is an employer of BBQ Trapp Haus, LLC.

17. Defendant Phil Johnson is a member of BBQ Trapp Haus, LLC.

18. Defendant Phil Johnson has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

19. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Phil Johnson is an employer.

20. Defendant Phil Johnson has the authority to hire and fire employees.

21. Defendant Phil Johnson had the authority to hire and fire Plaintiffs.

22. Defendant Phil Johnson extended an offer of employment to Plaintiff James Pablo.

23. Defendant Phil Johnson supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

24. Defendant Phil Johnson created Plaintiffs' schedules.

25. Defendant Phil Johnson determined the rate and method of Plaintiffs' payment of wages.

26. Defendant Phil Johnson explained to employees, that because he paid them higher than minimum wage, he would retain all credit card tips.

27. Defendant Phil Johnson maintained employment records in connection with Plaintiffs' employment.

28. Defendant Phil Johnson kept records of all credit card tips and kept them for himself and the business.

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Phil Johnson is subject to individual and personal liability under the FLSA.

30. Upon reasonable belief during Plaintiffs' employment with Defendants, Defendant Phil Johnson and Defendant Sunny Johnson were legally married.

31. Defendant Phil Johnson and Defendant Sunny Johnson have caused events to take place giving rise to this action as to which their marital community is fully liable.

32. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

33. Defendant Sunny Johnson is an Arizona resident.

34. Defendant Sunny Johnson has directly caused events to take place giving rise to this action.

35. Defendant Sunny Johnson is a manager of BBQ Trapp Haus, LLC.

36. Defendant Sunny Johnson is an employer of BBQ Trapp Haus, LLC.

37. Defendant Sunny Johnson is a member of BBQ Trapp Haus, LLC.

38. Defendant Sunny Johnson has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

39. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the

FLSA, Defendant Sunny Johnson is an employer.

40. Defendant Sunny Johnson supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

41. Defendant Sunny Johnson would assist in creating employee schedules and handle employee concerns.

42. Plaintiff Destiny Lora would address timecard concerns with Defendant Sunny Johnson.

43. Defendant Sunny Johnson determined the rate and method of Plaintiffs' payment of wages.

44. Plaintiff James Pablo reached out to Defendant Sunny Johnson regarding his final paycheck when he assumed he had been terminated.

45. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Sunny Johnson is subject to individual and personal liability under the FLSA.

46. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

47. Defendants, and each of them, are sued in both their individual and corporate capacities.

48. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

49. Upon a good faith reasonable belief, Defendant BBQ Trapp Haus, LLC, will have annual gross sales of at least $500,000 in 2021.

50. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

51. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

52. At all relevant times, Plaintiffs, in their work for Defendants, regularly used instrumentalities of interstate commerce.

53. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

54. Plaintiffs handled credit cards transactions for Defendants.

55. Owners and supervisors would communicate with Plaintiffs through text messages.

56. Plaintiffs are covered employees under individual coverage.

57. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS

58. The Defendant entity is a BBQ restaurant.

59. On or around August 2021, Plaintiff James Pablo commenced employment with Defendants as a server.

60. On or around July 2021, Plaintiff Destiny Lora commenced employment with Defendants as a server.

61. Plaintiffs' primary job duties included cashing out customers, delivering food and drinks, and taking orders.

62. At all relevant times, Plaintiff James Pablo was paid at a rate of $14.50 an hour plus tips.

63. At all relevant times, Plaintiff Destiny Lora was paid at a rate of $15.00 an hour plus tips.

64. Plaintiffs were not provided their proper tips that they had earned.

65. Plaintiffs' managers and / or owners would receive all credit card tips.

66. Plaintiffs' managers and / or owners would receive portions of tips that were earned by the waitstaff.

67. Defendant Phil Johnson illegally received tips.

68. Defendant Sunny Johnson illegally received tips.

69. The entity Defendant would illegally receive tips.

70. For example, on or around the end of September 2021, Plaintiff James Pablo earned approximately $300 in credit card tips.

71. Plaintiff James Pablo did not receive any of his credit card tips for this period.

72. For example, on or around September 4, 2021, Plaintiff Destiny worked an event and was told she would be receiving credit tips in cash at the end of the event.

73. Plaintiff Destiny Lora never received these credit card tips.

74. Defendant Phil Johnson explained credit card tips will be put back into the business.

75. Defendant Phil Johnson instructed employees not to request cash tips.

76. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

77. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

78. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
### (FLSA TIP VIOLATION – 29 U.S.C. § 203(m)(2)(B))

79. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

80. On March 23, 2018, Congress enacted the Consolidated Appropriations Act, 2018 ("CAA"), which revised § 203(m).

81. The CAA added a new paragraph to § 203(m) stating that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Consolidated Appropriations Act, Pub. L. 115-141, 132 Stat. 348, Title XII, Sec. 1201(a) (March 23, 2018).

82. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA.

83. Plaintiffs are employees entitled to all of their tips.

84. Defendants' managers, supervisors, and / or owners kept portions of Plaintiffs' tips.

85. In addition to the amount of unpaid tipped wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

86. Defendants' actions in failing to properly compensate Plaintiffs, in violation of the FLSA, were willful.

87. Defendants have not made a good faith effort to comply with the FLSA.

88.     Plaintiffs are also entitled to an award of attorneys' fees, costs, and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A.     For the Court to declare and find that the Defendants committed the following act:

   i.    violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

   ii.   willfully violated the FLSA, specifically 29 U.S.C. § 203(m)(2)(B), by engaging in an illegal tip pool;

B.     For the Court to award an additional amount in liquidated damages pursuant to 29 U.S.C. § 216(b);

C.     For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D.     For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E.     For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 26, 2021.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs declares under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
James Pablo

_____
Destiny Lora

## **VERIFICATION**

Plaintiffs declares under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
James Pablo

_____
Destiny Lora